## MASSACHUSETTS BONDING & INS. CO. v. DANIELS et al.

### Civil Action No. 283.

District Court, E. D. Illinois.

Jan. 29, 1941.

Kramer, Campbell, Costello & Wiechert, of East St. Louis, Ill., for plaintiff.

Gertrude G. Huitt, John C. Roberts, Henry Driemeyer, and Harold G. Baker, all of East St. Louis, Ill., Curt C. Lindauer, of Belleville, Ill., and Joseph N. Hassett and Vernon L. Turner, both of St. Louis, Mo., for defendants.

WHAM, District Judge.

This is an interpleader suit in which the plaintiff as surety on the bond of Edna H. Denby, now deceased, in the amount of $3,000, has made defendants the administrator of the estate of Edna H. Denby, deceased, numerous individuals and corporations who have presented claims against plaintiff as surety on said bond, including the defendant Krey Packing Company. The total claims are far in excess of the amount of the bond and there is a sharp dispute among the claimants.

The Krey Packing Company has filed its answer to the complaint in which it sets forth the alleged basis of its claim against said surety on said bond, namely, the misappropriation by said Edna H. Denby of certain funds placed in her hands by said defendant for payment for cattle purchased from certain dealer-registrants listed in said answer whom defendant subsequently paid himself, and prays that its claim be allowed proportionately with all other valid claims.

In addition to its said answer, said defendant has also filed its cross complaint and its alternative cross complaint, each consisting of several counts in which it seeks to have the various items of its total claim declared a valid claim against the bond and paid proportionately with other valid claims against said bond, and further prays for a judgment for the unpaid portion against the estate of Edna H. Denby, deceased, with interest from the date of the claim.

William T. Denby, administrator of the estate of Edna H. Denby, deceased, has filed his motion to dismiss said cross complaint and alternative cross complaint as to said administrator, or, in the alternative, that the prayer for judgment against the estate of Edna H. Denby, deceased, be stricken.

In my opinion the motion to dismiss should be denied since defendant Krey Packing Company's claim against the bond is bottomed on its claims as set forth in said cross and alternative cross complaints. The motion to strike the prayer for relief against the estate of Edna H. Denby, deceased, as to the portion of any claim not satisfied by the bond should be and is hereby allowed. The litigation in this interpleader suit should be carried only to the extent necessary to determine and finally dispose of the claims of the defendants against the bond.

This defendant's right, if any, to be reimbursed, as does the right of each other defendant, depends upon the amount of its valid claim against the principal on the bond which comes within the meaning of the bond. It was proper that the administrator of the estate of said deceased principal should be made a party. If such administrator should see fit to resist any claim or part thereof as not being a valid claim against Edna H. Denby in her lifetime, and, therefore, as not within the bond, that would bear directly upon such claimant's right to share in the proceeds of the bond and would necessarily have to be litigated as part of the essential controversy here. That is far from saying that the said administrator is a party to this interpleader suit for any purpose that is not necessary to the determination of the rights of the various defendants to share in and be paid from the proceeds of the bond that is the subject matter of the suit.